ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CLYDE DALE EVANS SR., | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:13-CV-375-Y |
| | § | |
| CLAUDE MAYE, Warden, | § | |
| USP Leavenworth, | § | |
| GREG ABBOTT, Attorney General, | § | |
| the State of Texas, | § | |
| Respondents. | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus under 28 U.S.C. § 2254.

### B. PARTIES

Petitioner, Clyde Dale Evans Sr., TDCJ # 34006-177, is currently in custody of the Federal Bureau of Prisons (BOP) in Leavenworth, Kansas.

Respondent Claude Maye is the Warden of USP Leavenworth and the immediate custodian of petitioner. Respondent Greg Abbott is Attorney General for the State of Texas.

## C. Factual and Procedural History

On January 14, 1998, pursuant to a plea agreement, petitioner pleaded guilty to felony escape

and true to a prior felony conviction in the 29th Judicial District Court of Palo Pinto County, Texas,

and received a 20-year sentence.[1] (01SHR[2]) Petitioner did not directly appeal his conviction. (Pet.

at 2) On December 5, 2001, petitioner's trial counsel executed an affidavit, in which he stated–

> I failed to investigate, to the fullest extent available , the circumstances and
> the facts surrounding the case. If I had investigated fully, I would have been able to
> determine that the State of Texas, would have been unable to prove all of the
> elements necessary to convict Clyde Dale Evans.
>
> I had been practicing law at the time of the conviction of Clyde Dale Evans,
> for approximately thirty (30) years. My representation fell below the standard of
> representation of what an attorney would have done under the same or similar
> circumstances.
>
> Further, the State made an offer that I failed to communicate to Mr. Evans,
> when I should have done so. The fact that I failed to communicate this offer to him,
> fell below the standard of representation that an attorney, under the same or similar
> conditions, would have done.

(01SHR; Pet., Ex. A)

---

[1]Telephonic communication with the Texas Department of Criminal Justice confirms petitioner was paroled on his state sentence on August 11, 2003, and his maximum discharge date is October 22, 2018. Petitioner is serving a term of 188 months in the BOP on his 2007 conviction for possession of a controlled substance with intent to distribute in the Northern District of Texas, Dallas Division. *See United States v. Evans*, PACER, U.S. Party/Case Index, Criminal Docket for Case # 3:05-CR-21-00113-L-3.

[2]"01SHR" and "02SHR" refer to the record of petitioner's state habeas application nos. WR-52,320-01 and WR-52,320-02, respectively. The record in 01SHR is not paginated.

On December 10, 2001,[3] petitioner filed an application for writ of habeas corpus in state court challenging his state court conviction on ineffective-assistance grounds, based on counsel's affidavit, which was denied on June 19, 2002, by the Texas Court of Criminal Appeals without written order on the findings of the trial court. (01SHR at cover)  On October 10, 2012, over ten years later, petitioner filed a second application for writ of habeas corpus in state court, raising the same or similar ineffective-assistance grounds, which was dismissed on January 9, 2013, by the Texas Court of Criminal Appeals as a successive application.  (02SHR at cover)  This federal petition for writ of habeas corpus was filed on April 29, 2013.  As ordered, respondent has filed a preliminary response and documentary exhibits addressing only the issue of limitations, to which petitioner filed a reply.

### D. ISSUES

Petitioner challenges his state court conviction on three grounds:  (1) his trial counsel was ineffective by failing to fully investigate the state's evidence; (2) his trial counsel was ineffective by failing to convey a plea offer to him; and (3) he is actually innocent of the offense because the evidence is insufficient to support his conviction for felony escape.  (Pet. at 5-6; Pet'r Mem. at 2-3)

### E. STATUTE OF LIMITATIONS

Respondent argues that petitioner's federal petition for writ of habeas corpus should be dismissed with prejudice because the petition is time-barred.  (Resp't Prel. Resp. at 5-11)  28 U.S.C.

---

[3]A pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013) (state habeas applications); *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (federal habeas applications).  Because petitioner's state and federal habeas applications do not reflect the date the documents were placed in the prison mail system, the dates the documents were signed and/or executed by petitioner are used.

§ 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief.  28 U.S.C. § 2244(d).  Section 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

The record does not reflect that any unconstitutional "State action" impeded petitioner's efforts to file a federal application for purposes of subsection (B).  Nor does petitioner allege that the Supreme Court has announced a new rule of constitutional law, applicable retroactively on collateral review, relevant to his claims for purposes of subsection (C).  Therefore, the statutory exceptions embodied in subsections (B) and (C) do not apply.

4

Under subsection (A), the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. In this case, the judgment of conviction became final and the one-year limitations period began to run upon expiration of the time that petitioner had for filing a timely notice of appeal on February 13, 1998, and closed one year and three days later on Tuesday February 16, 1999, absent any applicable tolling.[4] *See* TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998). Petitioner's state habeas applications filed after limitations had already expired, did not operate to toll the federal limitations period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Alternately, under subsection (D), the factual predicate underlying petitioner's claims, arguably, could not have been discovered until December 5, 2001, the date counsel executed the affidavit. Under this scenario, petitioner's federal petition would have been due one year later on December 5, 2002, absent any applicable tolling. His first state habeas application would have tolled the limitations period 192 days under § 2244(d)(2), making his federal petition due on or before July 11, 2003. However, before subsection (D) can be invoked, a petitioner is required to provide an explanation for why the petition was filed late. *See Jones v. King*, 360 F. App'x 569, 570 (5th Cir. 2010) (unpublished) (declining to apply § 2244(d)(1)(D) due to the failure of the petitioner to "establish[] that he could not have previously discovered the factual predicate for his claims through the exercise of due diligence"); *LeBlanc v. Travis,* 352 F. App'x 966, 967 (5th Cir. 2009) (unpublished) (petitioner failed to show why the limitations period should be tolled pursuant to § 2244(d)(1)(D)) because he "present[ed] no reason why he could not have reasonably presented this

_____

[4]February 13, 1999, was a Saturday, and Monday February 15, 1999, was a federal holiday.

evidence through the exercise of due diligence"). Petitioner wholly fails to explain his lengthy delay in seeking federal habeas relief, which mitigates against application of subsection (D)

Nevertheless, under either subsection (A) or (D), petitioner's federal petition is untimely. Nor has he alleged or demonstrated circumstances that prevented him from filing a timely petition so as to warrant equitable tolling of the limitations period. *See Holland v. Florida,* — U.S. —, 130 S. Ct. 2549, 2562 (2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing. *Id.* Counsel's affidavit and his admissions therein were made December 5, 2001. Accordingly, petitioner cannot possibly satisfy the first prong given the lengthy delay in seeking federal habeas relief. "Equity is not intended for those who sleep on their rights." *Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.,* 865 F.2d 660 (5th Cir. 1989)).

Petitioner also asserts he is actually innocent based on counsel's admission that the state would not have been able to prove all the elements of the offense because he was never placed in handcuffs, *Mirandized,* or informed that he was under arrest. (Pet. at 6) However, petitioner ignores the fact that he pleaded guilty, and he has made no showing of actual innocence. The Supreme Court has recently held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins,* — U.S. —, 133 S. Ct. 1924, 1928 (2013). However, the Supreme Court also notably cautioned that "tenable actual-innocence gateway pleas are *rare* [.]" *Id.* (emphasis supplied). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to

6

find him guilty beyond a reasonable doubt.'" *Id.,* quoting *Schlup v. Delo,* 513 U.S. 298, 329 (1995) (other citation omitted). The "new" evidence petitioner relies upon, counsel's affidavit, does not consist of the examples set forth in *Schlup,* 513 U.S. at 324 ("exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"), or demonstrate how the evidence would have been insufficient–*i.e.,* which element(s) could not be proven. The gateway should open only when the "evidence of innocence is so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 1936 (citation omitted). Petitioner's conclusory assertion of actual innocence is insufficient to warrant equitable tolling of the limitations period. *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000).

## II. RECOMMENDATION

Petitioner's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September __20__, 2013. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the

objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until September $\underline{20}$, 2013, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August $\underline{30}$, 2013.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

8